# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DEJUAN ANTHONY MASON,<br><br>                Plaintiff,<br><br>v.<br><br>WALWORTH COUNTY CHILD SUPPORT ENFORCEMENT AGENCY, LEE HUMPNER, and TEAHARA KING,<br><br>                Defendants. | Case No. 22-CV-1303-JPS<br><br>**ORDER** |

On November 3, 2022, Plaintiff Dejuan Anthony Mason ("Mason"), proceeding pro se, filed a complaint purporting to allege violations of his constitutional and civil rights. ECF No. 1. Mason also filed a motion to proceed without prepayment of the filing fee. ECF No. 2. In order to allow Mason to proceed without paying the filing fee, the Court must first decide whether Mason has the ability to pay the filing fee and, if not, whether the lawsuit states a claim for relief. 28 U.S.C. §§ 1915(a), (e)(2)(B). Upon screening a plaintiff's case, the Court must dismiss the case if it is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Order addresses Mason's motion for leave to proceed without prepaying the filing fee and screens his case.

1.     **MOTION TO PROCEED IN FORMA PAUPERIS**

A party proceeding pro se may submit to the court a request to proceed without prepaying the otherwise required filing fees, otherwise

known as a motion to proceed in forma pauperis. Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997) (superseded by rule on other, inapplicable grounds); *see also Mitchell v. Farcass,* 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring)).

In making such a request, a pro se litigant must submit an affidavit including a statement of all assets possessed by the litigant as well as stating the nature of the action and the affiant's belief that the person is entitled to redress. 28 U.S.C. § 1915(a). In order to qualify to proceed in forma pauperis, the pro se litigant need not be "absolutely destitute." *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). In forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc*. 461, F.2d 649, 651 (7th Cir. 1972).

In his motion, Mason avers that he is employed and unmarried. ECF No. 2 at 1. He is responsible for supporting three children, ages seven, five, and three. *Id.* His monthly income varies, but he represents that he earned a total of $800 from his employer, High Insight Art, over the last 12 months. *Id.* at 2. His monthly expenses total over $2,000 and consist of $800/month for rent, $100/month for alimony or court-ordered child support, and $1,250-$1,600/month on other household expenses. *Id.* His credit card payments are past due. *Id.* He is also responsible for late fees that vary each

month, as well as "vending fees" that also vary each month. *Id.* at 3. He does not own a car, a home, or any checking or savings accounts. *Id.* His property of value consists of his original artwork. *Id.* He explains that, "due to the nature of this complaint, [he] ha[s] been unable to act effectively as [a] profitable consumer nor ha[s] [he] had the opportunity to pursue commerce." *Id.* at 4.

On these representations, the Court accepts that Mason is indigent and will grant his motion to proceed without prepayment of the filing fee. However, the inquiry does not end there; the Court must also screen the action.

**2.      SCREENING STANDARDS**

A court may screen a pro se complaint prior to service on defendants to determine whether it complies with the Federal Rules of Civil Procedure and states at least plausible claims on which relief can be granted. *See Richards v. HSBC Tech. & Servs. USA, Inc.*, 303 Fed. Appx. 356, 357 (7th Cir. 2008). When a plaintiff requests leave to proceed in forma pauperis, the Court must screen the complaint. *See* 28 U.S.C. § 1915(e)(2). If the court finds any of the following, then the "court shall dismiss the case": the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id.*

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

3. **RELEVANT ALLEGATIONS**

At the outset, the Court notes that Mason labels his complaint with the case number 22CV006205 in the upper right-hand corner of each page. ECF No. 1. This case number ties to an action filed on September 29, 2022 in Milwaukee County Circuit Court against the same three defendants named here. *See Mason v. Walworth Cty. Child Support Enforcement Agency, et*

*al.*, No. 22CV006205 (Milwaukee Cty. Circ. Ct. Sept. 29, 2022), *available at* https://wcca.wicourts.gov/ (last visited Nov. 28, 2022).[1] Although the instant complaint is labeled with the 22CV006205 case number, Mason has another suit in Milwaukee County Circuit Court against Defendant Teahara King ("King"). *See Mason v. King*, 22CV006612, *available at* https://wcca.wicourts.gov/ (last visited Nov. 28, 2022).

Mason's allegations are difficult to comprehend. As best as the Court can glean, Mason pleads, *inter alia*, that he was deprived of liberty and due process prior to incarceration at the Walworth County Jail. ECF No. 1 at 5. He alleges that jurisdiction was not established, he was not afforded adequate counsel, and that Defendant Lee Humpner ("Humpner"), who is an "Attorney for the State of Wisconsin," violated his rights to "assume and perform his fatherly duties as Guardian of the offspring and surety." *Id.* at 5, 7. Mason further claims that Defendant Walworth County Child Support Enforcement Agency (the "Child Support Agency") destroyed his pursuit of happiness and the wellbeing of his offspring. *Id.* at 2.

Additionally, according to Mason, Defendants forced him to contract with them, interfered with his lifestyle, prevented him from pursuing higher education, and rendered him ineligible for state aid. *Id.* at 6. As to Defendant King, Mason pleads that she neglected to "disclose the whereabouts and other day-to-day activities of the offspring" to the Child Support Agency and Humpner, which "caused them to see the defendant in a light that was defamatory." *Id.* In sum, Mason explains that he was

---

[1] *See Ennenga v. Starns*, 677 F.3d 766, 774 (7th Cir. 2012) (courts may take "judicial notice of the dates on which certain actions were taken or were required to be taken in the earlier state-court litigation—facts readily ascertainable from the public court record and not subject to reasonable dispute").

"jailed on and off for four years" due to "contracts he was forced into," and, at one point, was arrested in front of his children. *Id.* at 8. All of this was due to Defendants "actively work[ing] together against" Mason. *Id.* at 6.

By way of relief, Mason seeks, among other forms of relief, that all "associated orders and judgments" be voided, that he be awarded "all funds stolen/embezzled due to the formula fraudulently set & executed by Walworth County Child Support Agency and its Officials," and "[a] letter to the IRS to prevent any further infractions concerning taxes and the claiming of the offspring KMM." *Id.* at 9–10.

The Court has located four paternity suits involving Mason, all filed in Milwaukee County Circuit Court.[2] The Court may take judicial notice of these suits. *See Ennenga*, 677 F.3d at 774.

4.  **ANALYSIS**

To begin, though not entirely clear from Mason's complaint, King appears to be the mother of Mason's children. King is a private citizen; she is not a state actor and cannot be sued under Section 1983 unless Mason alleges that she has "conspired or acted in concert with state officials to deprive" him of his civil rights. *Case v. Milewski*, 327 F.2d 564, 567 (7th Cir. 2003). Mason alleges that Defendants "worked together" to harm him. ECF No. 1 at 6. This allegation is sufficient to survive screening.

---

[2]*See In re the Paternity of M.A.M.*, No. 20PA001539PJ (Milwaukee Cty. Circ. Ct. Sept. 15, 2020), *available at* https://wcca.wicourts.gov/ (last visited Nov. 28, 2022); *In re the Paternity of S.A.M.*, No. 17PA000068PJ (Milwaukee Cty. Circ. Ct. (Aug. 6, 2019), *available at* https://wcca.wicourts.gov/ (last visited Nov. 28, 2022); *In re the Paternity of K.M.M.*, No. 19PA00116PJ (Milwaukee Cty. Circ. Ct. Jan. 15, 2019), *available at* https://wcca.wicourts.gov/ (last visited Nov. 28, 2022); *see also In re the Paternity of K.*, No. 15PA000068PJ (Milwaukee Cty. Circ. Ct. Oct. 16, 2015), *available at* https://wcca.wicourts.gov/ (last visited Nov. 28, 2022)

However, the entire suit—including the claims against King—appear to relate to orders entered and actions taken in state child support proceedings. Thus, the Court must assure itself that it has subject matter jurisdiction over Mason's claims in light of the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine provides that "the Supreme Court of the United States is the only federal court that may review judgments entered by state courts in civil litigation." *Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014). Thus, lower federal courts are prohibited from presiding "over claims seeking review of state court judgments . . . no matter how erroneous or unconstitutional the state court judgment may be." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). "It is settled that a plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action." *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993).

Accordingly, the doctrine prohibits federal jurisdiction over claims that are "inextricably intertwined" with state court determinations. *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017); *see also Ritter*, 992 F.2d at 754 ("Plaintiffs who lose in state court may not recast their claims in federal court under the guise of federal constitutional claims . . . if the constitutional claims are inextricably intertwined with the merits of the state court judgment.") (quotations omitted). While there is "no bright line" to separate those federal claims that are "inextricably intertwined" with state claims from those that are not, the Seventh Circuit teaches that the key question is whether "the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Ritter*, 992 F.2d at 754; *Young v. Murphy*, 90 F.3d 1225, 1231 (7th Cir. 1996).

The underlying substance of Mason's filings indicate that state court child support orders and/or contempt or nonsupport orders stemming from his paternity suits "are the subject of the case" and that "[h]ad he prevailed [in state court] despite the alleged due process errors, he would have had no injury and no constitutional claim to bring before the district court." *Ritter*, 992 F.2d at 754; *Young*, 90 F.3d at 1231.[3] Indeed, just this month, the Seventh Circuit held in a case challenging state court child custody orders that "[t]o the extent that [the plaintiff] wants review of the state court's orders (for example, orders declining to hold [the plaintiff's wife] in contempt of court), he is in the wrong forum. The *Rooker-Feldman* doctrine blocks any federal court-other than the Supreme Court of the United States- from reviewing decisions of state courts in civil suits." *Bowes-N. v. Miller*, No. 21-3319, 2022 WL 16849058, at *1 (7th Cir. Nov. 10, 2022). The Seventh Circuit continued, holding that "[t]o the extent that [the plaintiff] wants the state judge to act on motions he has filed, again he is in the wrong forum. Federal courts do not superintend the conduct of litigation pending in state court, especially when the question concerns child custody. This is one of the abstention doctrines that allocates litigation between state and federal tribunals." *Id.*[4]

---

[3]To the extent any state criminal case or child-welfare proceedings remain ongoing, the Court similarly lacks jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971) and *Milchtein v. Chisholm*, 880 F.3d 895 (7th Cir. 2018), which together hold that federal courts may not intervene in ongoing state criminal cases or state child-welfare proceedings.

[4]The *Bowes-Northern* court explained that, to the extent a plaintiff challenging state child custody proceedings seeks relief for the *failure* of state officials to enforce an order, non-enforcement is not a due process violation; accordingly, such a claim may be adjudicated on its merits, versus dismissed for lack of jurisdiction under *Rooker-Feldman*. *Id.* at *1, *2. Mason does not bring a due

The Seventh Circuit also confronted a nearly identical set of facts in *Gorzelanczyk v. Baldassone*, 29 F. App'x 402 (7th Cir. 2002). There, an Illinois state court ordered the plaintiff to pay child support. *Id.* at 403. The plaintiff was jailed after the state court "found him in contempt for willfully refusing to pay." *Id.* The plaintiff argued that *Rooker-Feldman* did not bar his constitutional due process claims because he was not challenging the child support order, but rather contempt orders enforcing the child support order. *Id.* The Seventh Circuit held that "even though [the plaintiff] labels his lawsuit as a § 1983 action alleging due process violations, his real injury is the child support order, not any alleged denial of due process." *Id.* The Seventh Circuit further noted that had the district court held for the plaintiff, the result would have been "to declare the child support order (and any resulting contempt order) invalid as unconstitutionally obtained"; "[t]hat is precisely what *Rooker-Feldman* forbids." *Id.* Thus, the Seventh Circuit continued, the district court lacked jurisdiction and did not need to reach the peripheral issue of prosecutorial immunity as to the named defendants. *Id.*

The same is true here. Mason's desired relief is to void orders entered by and actions taken by the state court. *See Dixon v. Rick*, 781 F. App'x 561 (7th Cir. 2019) (upholding dismissal under *Rooker-Feldman* for claims relating to garnishment for child support payments because "[a]lthough Dixon invoked various federal claims . . . essentially, the complaint challenged state-court proceedings to establish and enforce Dixon's child support obligation"); *Syph v. Arce*, 772 F. App'x 356, 357 (7th Cir. 2019)

---

process claim related to non-enforcement. Therefore, the exception is inapplicable here. *Id.*

(upholding dismissal under *Rooker-Feldman* where federal case challenged state court rulings on "attempts in state-court litigation to modify [] child-support obligations"); *Johnson v. Lockyer*, 115 F. App'x 895, 896–97 (7th Cir. 2004) ("The district court rightly observed that Johnson's core grievance is really about the validity of a state judgment—the California judgment that registered the Oregon child support order—and federal suits that implicate the validity of state judgments are barred under the *Rooker–Feldman* doctrine . . . . the registration of that judgment in a California court and the garnishment proceedings that followed are themselves immune to review by the district court.").

Accordingly, under *Rooker-Feldman*, the Court lacks subject matter jurisdiction over Mason's claims. To the extent Mason seeks review of alleged deficiencies in the state proceedings, he has already filed a state court action against the same three defendants and may pursue such relief in state court. *See Syph*, 772 F. App'x at 357. In other words, as part of his federal complaint, Mason demonstrates that he has access to state court to assert his objections to the state courts' and state officials' handling of his court-ordered rights.

Even if *Rooker-Feldman* did not apply, another jurisdictional defect is present. "[T]he domestic-relations exception to federal jurisdiction blocks federal adjudication of cases involving 'divorce, alimony, and child custody decrees.'" *Syph*, 772 F. App'x at 357 (quoting *Marshall v. Marshall*, 547 U.S. 293, 307–08 (2006)). The Seventh Circuit applies the domestic-relations exception to cases where a plaintiff seeks relief "associated with . . . a decree of . . . child support." *Dawaji v. Askar*, 618 F. App'x 858, 860 (7th Cir. 2015). "State courts are assumed to have developed a core proficiency in probate and domestic relations matters and they can decide federal questions at the

same time." *Syph*, 772 F. App'x at 357 (citing *Sykes v. Cook Cnty. Circuit Court Prob. Div.*, 837 F.3d 736, 741 (7th Cir. 2016)). Mason's suit "falls squarely within the domestic-relations exception." *Id.*; *see also Kowalski v. Boliker*, 893 F.3d 987, 996 (7th Cir. 2018) (claims challenging "action taken by the court and its officers in the course of adjudicating" a state domestic relations case, versus claims regarding "outside actors," support application of domestic-relations exception to federal jurisdiction).

Finally, even if neither *Rooker-Feldman* nor the domestic-relations exception applied, the Court may be constrained to abstain from exercising jurisdiction under either the *Colorado River* doctrine or the *Pullman* doctrine, in light of the concurrent state court action filed against the same defendants and ostensibly raising the same constitutional claims.

The *Colorado River* doctrine provides that, when two concurrent federal and state suits are parallel, and the federal court finds exceptional circumstances to abstain, it may abstain from exercising jurisdiction. *Adkins v. VIM Recycling, Inc.*, 644 F.2d 483, 497–98 (7th Cir. 2011) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976)). "Two suits are parallel for *Colorado River* purposes when substantially the same parties are contemporaneously litigating substantially the same issues." *Id.* (citations omitted). The suits here appear to the Court to unquestionably be parallel. Once a court determines the suits are parallel, it examines whether "exceptional circumstances' justify abstention. *Id.* at 500. Those circumstances include:

> 1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of

> state-court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim.

*Id.* at 500–01 (citation omitted). At first blush, the majority of these factors are present here. Thus, even if the Court had jurisdiction, it would likely be constrained to stay the case under *Colorado River*. *Lumen Const., Inc. v. Brant Const. Co.*, 780 F.2d 691, 698 (7th Cir. 1985) ("This Court . . . has consistently held that the proper procedure is to stay" when *Colorado River* is at play).

The *Pullman* doctrine provides that abstention is appropriate "in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." *Colo. River*, 414 U.S. at 814 (citing *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941)). Given the concurrent state action against the same defendants, which seemingly raises the same claims, it is likely that *Pullman* would also support abstention and a stay here. *Moses v. Kenosha County*, 826 F.2d 708, 710 (7th Cir. 1987) ("[A] court abstaining under *Pullman* does not dismiss the action; it retains jurisdiction of the federal claim pending the state court's decision on the state law issue.").

Thus, the Court lacks subject matter jurisdiction over Mason's claims as currently pleaded under *Rooker-Feldman*. Even if the Court had jurisdiction, it is likely that, as currently pleaded, the Court would abstain from exercising jurisdiction over the claims under either *Colorado River* or *Pullman*. If Mason believes that he can state a claim for relief that is not jurisdictionally barred, or over which the Court need not abstain, he may file an amended complaint by **December 30, 2022**. If Mason chooses to file an amended complaint, the amended complaint should provide the Court

Page 12 of 14
Case 2:22-cv-01303-JPS   Filed 11/30/22   Page 12 of 14   Document 4

with enough facts to assuage the Court that it may exercise jurisdiction over these claims in light of *Rooker-Feldman* and the domestic-relations exception, and that if it does have jurisdiction, it should not enter a stay under either the *Colorado River* or *Pullman* abstention doctrines.

Failure to file an amended complaint by **December 30, 2022** will result in dismissal of this action without prejudice for lack of jurisdiction under *Rooker-Feldman* and the domestic-relations exception. The Court is enclosing a copy of its amended complaint form and instructions. Mason must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Mason may use up to five additional sheets of paper.

Mason is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). In other words, a piecemeal amendment is not permitted. If Mason wishes to file an amended complaint, he must include *all* of the allegations and claims (including those from the original complaint) that he wishes to make, in a single filing without reference to other documents. If an amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

5.  **CONCLUSION**

For the reasons stated herein, Mason's motion for leave to proceed in forma pauperis is granted, and he is granted leave to amend his complaint. If Mason elects to file an amended complaint, the Court will screen the amended complaint.

Accordingly,

**IT IS ORDERED** that Plaintiff Dejuan Anthony Mason's motion for leave to proceed in forma pauperis, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that on or before **December 30, 2022**, Plaintiff Dejuan Anthony Mason submit an amended complaint using the provided form and in accordance with the instructions provided herein; and

**IT IS FURTHER ORDERED** that the Clerk of Court mail Plaintiff Dejuan Anthony Mason a blank amended complaint form and a copy of the guide entitled "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 30th day of November, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge